556 A.2d 540

In Re: Appeal of James V. Preteroti From the Order of The Secretary of Transportation Suspending His Motor Vehicle Privileges. James V. Preteroti, Appellant.

Submitted on briefs January 11, 1989, to Judges CRAIG and BARRY, and Senior Judge BLATT, sitting as a panel of three.

*James J. Panchik*, for appellant.

*Christopher J. Clements*, Assistant Counsel, with him, *Harold H. Cramer*, Assistant Chief Counsel, and *John L. Heaton*, Chief Counsel, for appellee.

OPINION BY JUDGE CRAIG, April 3, 1989:

James V. Preteroti appeals from an order of the Court of Common Pleas of Armstrong County dismissing his

appeal from an order of the Department of Transportation (DOT) which suspended his motor vehicle operator privileges for one year under section 1547 of the Vehicle Code, 75 Pa. C. S. §1547.

Pursuant to a hearing, the trial judge found that, following an auto accident involving Preteroti, he was transported to a hospital where he refused to submit to a blood alcohol test and refused treatment for possible injuries.

The trial judge, relying on the arresting officer's testimony, Preteroti's own denial of any injury, and a hospital record made the day after the accident, determined that Preteroti had made a conscious and knowing refusal to submit to the withdrawal of blood for a blood alcohol test.

Although the trial judge permitted the hospital record to be admitted into evidence, he did not permit Dr. Groomes, a medical expert who had not examined Preteroti, to give his medical opinion on Preteroti's injuries. The trial judge concluded that his "refusal to admit Dr. Groomes' deposition into evidence may have been erroneous (but) the court is fully satisfied that even if it had been admitted into evidence the outcome would be the same." Preteroti now appeals the trial court's exclusion of Dr. Groomes' testimony.

The sole issue before us, one of first impression, is whether a medical expert's opinion is admissible if based upon a hospital record which has been admitted into evidence but which was authored by another doctor who is not available to testify.

The Superior Court addressed a similar issue in the case of *Commonwealth v. Trill*, 374 Pa. Superior Ct. 549, 543 A.2d 1106 (1988). In *Trill*, the court admitted portions of a psychiatric patient's discharge summary into evidence even though neither the custodian who pre-

pared the report nor a representative of the state hospital testified at the trial, in connection with also admitting the opinion testimony of a defense psychiatrist, who based his opinion on the discharge summary.

Moreover, the Supreme Court of Pennsylvania held that a hearsay exception permits medical experts to express opinion testimony based, in part, upon reports of others which are not in evidence, but upon which the expert customarily relies in the practice of his profession. *Commonwealth v. Thomas*, 444 Pa. 436, 282 A.2d 693 (1971).

In *Foster v. McKeesport Hospital*, 260 Pa. Superior Ct. 485, 394 A.2d 1031 (1978), the Superior Court permitted a doctor to testify on the basis of a deceased doctor's writings because the witness' testimony was founded, not on an assessment of the deceased's competence, but on a detailed analysis of the medical facts contained in those notes and reports, combined with general medical knowledge obtained from his own experience and training.

Additionally, the Supreme Court in *Commonwealth v. Daniels*, 480 Pa. 340, 347-48, 390 A.2d 172, 176 (1978), citing *United States v. Williams*, 447 F.2d 1285 (5th Cir. 1971), noted:

'[T]he opinion[s] of expert witnesses must invariably rest, at least in part, upon sources that can never be proven in court. An expert's opinion is derived not only from records and data, but from education and a lifetime of experience. Thus, when the expert witness has consulted numerous sources, and uses that information, together with his own professional knowledge and experience, to arrive at his opinion, that opinion is regarded as evidence in its own right and not as hearsay in disguise.'

Finally, DOT cites *Taylor v. Avi*, 272 Pa. Superior Ct. 291, 415 A.2d 894 (1979), for the proposition that, even if Dr. Groomes' deposition is admitted into evidence, his testimony is of minimal probative value. However, in *Taylor* the court merely recognized that, when two medical experts testify from first-hand observations as to the condition of a patient, the time when each expert observes the patient can be a factor in assigning probative weight to the respective testimonials. Timeliness of multiple medical observations is not an issue presently before us.

Because expert medical testimony based on reports not admitted into evidence is admissible as a hearsay exception, *Thomas*, we conclude that expert medical testimony based on reports which are admitted into evidence is also a hearsay exception.

Accordingly, we vacate the decision and remand this case to the court of common pleas to consider Dr. Groomes' deposition and weigh it against the other evidence admitted.

### ORDER

NOW, April 3, 1989, the order of the Court of Common Pleas of Armstrong County, dated September 1, 1987, is vacated and this case is remanded for reconsideration in view of the admissibility of the testimony of Dr. Groomes.

Jurisdiction relinquished.